UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COOK COUNTY, ILLINOIS, an Illinois governmental entity, and ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, INC., | ) ) ) ) | 19 C 6334 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| KEVIN K. McALEENAN, in his official capacity as Acting Secretary of U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, a federal agency, KENNETH T. CUCCINELLI II, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### PRELIMINARY INJUNCTION AND STAY

Having considered the parties' written submissions and oral arguments, and pursuant to Civil Rule 65 and 5 U.S.C. § 705, the court grants Plaintiffs' emergency motion for temporary restraining order and/or preliminary injunction or stay (Doc. 24).

The court finds and holds as follows:

1.       Plaintiffs have Article III standing and their suit is ripe.

2.       Plaintiffs are likely to succeed on the merits of their claim that the Department of Homeland Security's ("DHS") final rule, Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41292 (Aug. 14, 2019) (to be codified at 8 C.F.R. pt. 103, 212-14, 245, 248), referred to herein as the "Final Rule," is unlawful.

3.       Plaintiffs have no adequate remedy at law and will suffer irreparable harm if the Final Rule is not preliminarily enjoined and stayed.

4.      The balance of harms and the public interest favor the grant of a preliminary injunction and a stay.

Accordingly, the court orders as follows:

1.      Defendants Kevin K. McAleenan in his official capacity, the Department of Homeland Security, Kenneth T. Cuccinelli II in his official capacity, and U.S. Citizenship and Immigration Services, along with their officers, agents, servants, employees, and attorneys, and any person in active concert or participation with them, are enjoined and restrained from implementing or enforcing the Final Rule in the State of Illinois absent further order of court.

2.      Implementation of the Final Rule is stayed within the State of Illinois absent further order of court.

3.      Plaintiffs are not required to give security in the form of a bond or otherwise.

October 14, 2019

_____
United States District Judge