The Honorable Gary Feinerman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COOK COUNTY, ILLINOIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, in his official capacity as Acting Secretary of U.S. Department of Homeland Security, et al.,<br><br>Defendants. | No. 19-cv-6334<br><br>DECLARATION OF STEPHEN P. BELL, JR. IN SUPPORT OF DEFENDANTS' BRIEF REGARDING MOTION FOR EXPEDITED DISCOVERY |

I, Stephen P. Bell, Jr., do hereby declare and say:

1. I am the Chief of Staff of the Office of the Chief Counsel ("OCC"), United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security ("DHS"). I have held this positions since USCIS OCC was established in 2003. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Expedited Discovery on Equal Protection Claim.

2. As the Chief of Staff, I am responsible for overseeing staffing and personnel allocations within USCIS OCC. I make the following statements based on my personal knowledge and upon information furnished to me in the course of my official duties.

DECLARATION OF STEPHEN P. BELL, JR.   - 1
(19-cv-6334)

3. The matters contained in this declaration are based upon my understanding of the Motion for Expedited Discovery and its Exhibits, which was filed in the case *Cook County, Illinois, et al., v. Chad Wolf in his Official Capacity as Acting Secretary of the Department of Homeland Security, et al.,* Case No. 19-cv-6334, pending in the United States District Court for the Northern District of Illinois.

4. USCIS OCC provides legal support services to USCIS, and is part of the DHS legal program, overseen by DHS's Office of General Counsel. USCIS OCC supports the USCIS mission by: (1) providing timely and accurate legal advice on all aspects of the USCIS immigration benefits programs, from case specific inquiries during the adjudication process to legal sufficiency review of regulations, policies and practices; (2) providing training to USCIS officers on areas of immigration law; and, (3) providing litigation support to the Department of Justice ("DOJ") on cases involving immigration benefits.

5. USCIS adjudicates millions of requests for benefits each fiscal year. Even though only a small percentage of those adjudications generate litigation for the agency, the number of cases is significant and increasing. Over the last four completed fiscal years, litigation filings have run significantly more than one thousand cases filed a year against USCIS. This trend appears to be continuing in Fiscal Year 2020. At present, there are approximately 1801 litigation cases for the program involving immigration issues (with a high turnover rate as some cases are resolved and new ones filed). These cases range from challenges over the denial or delay in a single case, to cases that attack national policies and regulations, involve national injunctive relief, and include several nationally certified class actions.

6. The litigation faced by USCIS often implicates matters of national importance, foreign relations and national security, necessitating coordination with other executive level departments, and is given high priority at USCIS OCC. The litigation burden on the office means that USCIS is increasingly redirecting its limited resources from other mission requirements to litigation support. This is true even though USCIS rarely

DECLARATION OF STEPHEN P. BELL, JR.     - 2
(19-cv-6334)

engages in extensive discovery, and does not have attorneys whose normal duties are anticipated to include substantial document review. In light of existing resources and competing priorities, diverting USCIS OCC personnel from their normal duties to conduct document review for this case will impede USCIS OCC's ability to perform its mission and will have an adverse impact on the legal program.

7. I understand that for purposes of complying with plaintiffs' motion, plaintiff has requested that the government have 14 days following a ruling by the Court on plaintiff's motion to identify, collect, transfer, review and produce a complete set of responses.

8. USCIS does not have its own eDiscovery document review software platform. When it is necessary to conduct document review using an eDiscovery document review platform, DOJ will provide USCIS OCC personnel remote access to DOJ's Civil Online Relativity Application (CORA).

9. For document requests 1, 2, and 4, I understand from Appendix A of Exhibit 2 to the Motion for Expedited Discovery that plaintiff requests USCIS to review information collected from 20 custodians drawn from USCIS, DHS, as well as non-parties.

10. In order to respond to proposed document request 3, I understand from Appendix A of Exhibit 2 to the Motion for Expedited Discovery that plaintiffs have requested a search not constrained by custodians, but rather constrained by email domains. To the set of communications defined by the email domain instruction, plaintiff asks USCIS to conduct a search pursuant to the search terms plaintiffs have provided.

11. Completing the process of identifying agency records responsive to the proposed document requests may also require review of non-digital records located in USCIS offices, and in other locations. Some of the identified USCIS custodians no longer work at USCIS and their non-digital materials may require additional time to locate and review for potentially responsive records.

12. USCIS personnel continue to principally telework as a consequence of the COVID-19 pandemic. Organizing in-person review of non-digital records by USCIS

DECLARATION OF STEPHEN P. BELL, JR.   - 3
(19-cv-6334)

personnel, potentially including USCIS OCC counsel, will be significantly affected by necessary precautions associated with the COVID-19 pandemic.

13. Based on my experience, efforts to conduct an initial search of USCIS systems, and the records of USCIS custodians, to identify records responsive to complex search criteria such as these, and then transfer responsive information to the Department of Justice will likely take several weeks at a minimum, although it is impossible at this time to accurately estimate precisely how much time will be required.

14. USCIS has already collected some email records for certain custodians, in connection with proceedings in a similar case challenging the public charge rule, *Washington v. DHS*, No. 19-5210 (E.D. Wash.). However, the scope of documents collected in that case differ in material ways from the scope of documents Plaintiff appears to seek here. Therefore, USICS would be required to perform several additional searches to collect documents to respond to Plaintiff's requests.

15. USCIS OCC personnel can only begin to review documents after responsive documents are identified, collected, transferred to the Department of Justice for ingestion into the CORA document review platform, and made available to USCIS OCC document reviewers.

16. There are four USCIS OCC attorneys assigned to directly work on this matter. The duties of the USCIS OCC assigned attorneys are not limited to this case. They are tasked with managing other high-profile litigation, advising USCIS clients regarding legal, policy, and regulatory matters, coordinating and collaborating with counsel from other agencies regarding significant litigation, and advising USCIS OCC leadership. This case is one of many on a fully committed docket for these four attorneys that includes all other public charge litigation, as well as a significant portfolio of other litigation matters. USCIS OCC's other litigation attorneys have similarly over-burdened and fully-committed dockets of assigned cases.

17. USCIS OCC does not have the funds to hire temporary contractors at this time.

18.     USCIS OCC will take all steps possible to comply with any order issued by the court, but, given my understanding of the time it may take to identify potentially responsive materials, complete necessary searches of USCIS systems, collect potentially responsive information and transfer it to the Department of Justice for ingestion into the CORA document review platform, and review that information for responsiveness and application of privilege, and considering the agency's limited resources, I believe it would take far beyond the timeframe proposed by plaintiff to complete production of responsive documents, if any.

19.     Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 16th day of June, 2020 at Washington, D.C.

STEPHEN P BELL JR
Digitally signed by STEPHEN P BELL JR
Date: 2020.06.16 15:22:45 -04'00'

_____
Stephen P. Bell, Jr.
Chief of Staff
Office of the Chief Counsel
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security