UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COOK COUNTY, ILLINOIS, an Illinois governmental entity, and ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, INC., | ) ) ) ) | 19 C 6334 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| CHAD F. WOLF, in his official capacity as Acting Secretary of U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, a federal agency, KENNETH T. CUCCINELLI II, in his official capacity as Senior Official Performing the Duties of the Director of U.S. Citizenship and Immigration Services, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Cook County, Illinois and Illinois Coalition for Immigrant and Refugee Rights, Inc.

("ICIRR") allege in this suit that the Department of Homeland Security's ("DHS") final rule,

*Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("Final Rule"

or "Rule"), violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and

ICIRR alleges that the Rule violates the equal protection component of the Fifth Amendment's

Due Process Clause. Doc. 1. The court preliminarily enjoined DHS from enforcing the Rule on

the ground that it likely violates the APA. Docs. 85, 87, 106 (reported at 417 F. Supp. 3d 1008

(N.D. Ill. 2019)). The Seventh Circuit affirmed, 962 F.3d 208 (7th Cir. 2020), though the

preliminary injunction has been stayed, 140 S. Ct. 681 (2020) (mem.).

1

While the preliminary injunction appeal was before the Seventh Circuit, DHS moved under Civil Rules 12(b)(1) and 12(b)(6) to dismiss this suit, re-raising certain arguments resolved against it in this court's preliminary injunction opinion and seeking dismissal of ICIRR's equal protection claim, Doc. 124, and ICIRR asked the court to rule that it is entitled to extra-record discovery, Doc. 111.  The court denied DHS's motion to dismiss and allowed ICIRR to take limited extra-record discovery.  Docs. 149-150 (reported at __ F. Supp. 3d __, 2020 WL 2542155 (N.D. Ill. May 19, 2020)).  The court then granted in part ICIRR's motion for expedited discovery, permitting ICIRR to serve on DHS four document production requests.  Doc. 170.

DHS now moves under 28 U.S.C. § 1292(b) to certify for interlocutory appeal the court's denial of its motion to dismiss the equal protection claim.  Doc. 162.  A district court may certify an order for interlocutory appeal only if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. … Unless all these criteria are satisfied, the district court may not and should not certify its order … for an immediate appeal under section 1292(b)."  *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis omitted).  DHS's motion fails in many respects to satisfy these criteria, but it is necessary to address only one: the interlocutory appeal DHS seeks will not materially advance or speed up the termination of this suit.

DHS argues that its requested interlocutory appeal will speed the litigation by allowing the court and the parties to avoid "contentious discovery disputes raising difficult issues of

2

executive privilege." Doc. 163 at 11. In so arguing, DHS points to the court's ruling that ICIRR may take extra-record discovery concerning whether "DHS's stated reason for promulgating the Final Rule—protecting the fisc—obscures what ICIRR alleges is the real reason—disproportionately suppressing nonwhite immigration." 2020 WL 2542155, at \*11. If the Seventh Circuit held on interlocutory review that the equal protection claim should be dismissed, DHS submits, the parties and the court could "avoid imminent 'constitutional confrontation' [arising from that extra-record discovery] by significantly narrowing the scope of this litigation and eliminating the need for discovery altogether." Doc. 163 at 13.

DHS's argument fails because, even if ICIRR's equal protection claim were dismissed, Plaintiffs still would be entitled to take precisely the same discovery in connection with their APA claims. As the Supreme Court ruled last year, a federal agency violates the APA when it provides an "explanation for [its] action that is incongruent with what the record reveals about the agency's priorities and decisionmaking process"—that is, when the agency presents a "contrived" or "pretextual" rationale for the challenged action. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-76 (2019). Among the many facets of Plaintiffs' APA claims here is just such a challenge: "The Final Rule is arbitrary and capricious because it is a pretext for discrimination. While the Final Rule purports to identify individuals who will be public charges, its adoption of factors that bear no reasonable relationship to that inquiry demonstrates Defendants' intent to reduce immigration by immigrants of color." Doc. 1 at ¶ 166.

As in *Department of Commerce*, then, Plaintiffs allege that a federal agency (DHS) offered Rationale X (protecting the fisc) for the action in question (promulgating the Final Rule) when in fact the agency's real and undisclosed motivation was Impetus Y (suppressing nonwhite immigration). Whether or not Impetus Y amounts to an equal protection violation is immaterial;

all that matters for purposes of the APA claim is the alleged "mismatch" between Rationale X and Impetus Y. *Dep't of Commerce*, 139 S. Ct. at 2575. Moreover, as in *Department of Commerce*, "a strong showing" has been made to justify extra-record discovery into the actual motivation behind the Final Rule. In fact, two strong showings have been made, the first being that the administrative record is "incomplete," and the second being that the Rule was promulgated for a "reason not reflected in the administrative record—the Rule's disproportionate adverse effects upon nonwhite immigrants." 2020 WL 2542155, at *11-12 (internal quotation marks omitted). As the court explained, those two showings provide separate and independent grounds for allowing extra-record discovery under the standard governing discovery in APA suits. *Ibid*.; *see Dep't of Commerce*, 139 S. Ct. at 2574-75 (holding that materials suggesting that the agency's action was motivated by concerns not reflected in the administrative record justified extra-record discovery); *Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1081-82 (7th Cir. 2016) (holding that extra-record discovery is permitted when an APA plaintiff "can make a significant showing that it will find material in the agency's possession indicative of … an incomplete record").

Because the discovery to which Plaintiffs are entitled on their APA claims encompasses whatever discovery ICIRR may take on its equal protection claim, allowing an interlocutory appeal of the court's denial of DHS's motion to dismiss the equal protection claim would not materially advance the termination of this litigation in the manner DHS posits. To the contrary, such an appeal would serve only to create unnecessary work for the parties and impose an unnecessary burden on the Seventh Circuit. *See Ahrenholz*, 219 F.3d at 676 (observing that certifying an interlocutory appeal when all criteria are not met "is merely to waste [the Seventh

4

Circuit's] time and delay the litigation in the district court").  It follows that DHS has not satisfied the standard necessary to warrant an interlocutory appeal under § 1292(b).

There is one possible fly in the ointment: when the court held that extra-record discovery was appropriate, it did so on *ICIRR's* request for discovery on its *equal protection* claim.  2020 WL 2542155, at *13.  That the discovery issue reached the court through that vehicle, however, turns out to be of no moment.  First, the four document production requests the court permitted ICIRR to serve on DHS, Doc. 157-2 at 2-11, are as pertinent to the above-referenced facet of Plaintiffs' APA claims as they are to ICIRR's equal protection claim—and, as noted, the "strong showing" standard governing extra-record discovery for APA claims has been satisfied.  The same will hold for whatever additional extra-record discovery (if any) Plaintiffs will be permitted to take.  Second, although the Seventh Circuit left open whether ICIRR falls within the zone of interests under the APA, it held that Cook County falls within that zone, 962 F.3d at 219-20, and Cook County is entitled to join in ICIRR's document production requests as its co-plaintiff on the APA claims, *see* Fed. R. Civ. P. 26(b)(1), 34(a)(1).  If Cook County does not join ICIRR's document production requests, DHS may renew its § 1292(b) motion.

July 14, 2020

_____
United States District Judge

5