UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COOK COUNTY, ILLINOIS, <br><br>　　　　　　　　　et al., <br><br>　　　Plaintiffs, <br><br>　　v. <br><br>CHAD F. WOLF, in his official capacity as Acting Secretary of U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br>　　　　　　　　　et al., <br><br>　　　Defendants. | Case No. 19-cv-6334 <br><br> Judge Gary Feinerman |

## JOINT STATUS REPORT REGARDING DISCOVERY

In anticipation of the upcoming status hearing on December 1, 2020, Plaintiff ICIRR and Defendants submit the following joint status report regarding the remaining disputes with respect to deliberative process privilege, attorney-client privilege, and the privilege logs.

**I.      Discovery Status Update**

Since the last status hearing, the parties have met and conferred twice by phone to discuss discovery-related issues. On November 20, 2020, Defendants produced a supplemental set of documents that were inadvertently excluded from the first review set.

**II.     Metadata and Custodians**

Defendants produced all documents as PDFs that do not identify the custodians or metadata associated with each document. As a result, for all documents the metadata fields such as sender name and email address, recipient name and email address, email subject line, date sent, and time sent are empty.

**ICIRR:**          ICIRR requests complete metadata for all documents, but has agreed that Defendants may omit email subject line metadata to the extent it is privileged. The provision of metadata is a standard document production

1

|  |  |
|---|---|
|  | protocol, and without this metadata ICIRR is unable to perform basic searches of documents by date and custodian. We believe but are confirming that Defendants have agreed to produce documents with metadata to plaintiffs in the parallel Washington litigation. Further, given the relatively small number of documents, this would not impose an undue burden on Defendants. |
| **DEFENDANTS:** | Defendants made their first production on August 28, 2020—over three months ago. Yet Plaintiffs raised this metadata issue for the first time on November 24, 2020. If this information were truly necessary to Plaintiffs' ability to properly evaluate the documents, Plaintiffs would have (and should) raised it earlier (at least before Defendants made their subsequent productions). And contrary to Plaintiffs' assertion, requiring Defendants to now make new document productions would be burdensome. Defendants would have to go through the documents, and manually redact metadata that reflects confidential information. And this exercise would be of limited utility to Plaintiffs, since they do not deny that the metadata they seek would contain information that Plaintiffs can glean from the face of the documents. |
| **ICIRR REPLY:** | Plaintiff noted in the November 24, 2020 meet and confer that certain documents do not show a "to/from" field on the face of the document and thus do not reveal the custodian or the email address associated, and there is no metadata to provide that information. The parties are still meeting and conferring on the issue. |

### III.  Privilege Logs

Privilege logs for the first two productions have been produced to date, containing 106 entries total. Defendants have not yet produced a privilege log for the most recent production. More than a third of the privilege log entries (38 entries) include an employee title such as "DHS Employee" (DHS_NDILL_0000003); "USCIS Employee" (DHS_NDILL_0000657); "DHS Attorney Advisor" (DHS_NDILL_0000012); "DHS Oversight Counsel" (DHS_NDILL_0000821); "DHS Attorney Advisor" (DOC DHS_NDILL_0000826, 830) rather than the particular individual's name in addition to their title.

|  |  |
|---|---|
| **ICIRR:** | Names rather than anonymized titles are necessary to allow Plaintiff to assess the privilege claimed (where applicable) and to build its case. Under the Confidentiality Order (Dkt. 212) entered in this case, Defendants could produce a privilege log marked "confidential" that provides the individuals' names. |
| **DEFENDANTS:** | Defendants will produce updated privilege logs, marked as confidential, that will provide the identities of individuals whose names were initially anonymized in the original privilege logs. |

### IV. Deliberative Process Privilege

In the two privilege logs that Defendants have produced so far, Defendants have invoked the deliberative process privilege ("DPP") for 68 documents. The parties maintain their respective positions as summarized in the last joint status report. *See* Dkt. 214 at 2–8. The parties are at impasse on this issue and seek resolution of the matter from the Court.

**ICIRR:** For the reasons explained in the last joint status report, ICIRR maintains that the deliberative process privilege does not apply here because the government's decision-making process—and specifically, whether that decision-making process was infected with racial animus—is the central issue before the Court.

In addition, Defendants have not satisfied this district's procedural requirements for properly invoking the privilege—namely, the submission of an affidavit outlining the precise reasons for preserving the confidentiality of the documents. *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 187 (N.D. Ill. 2019); *see also, e.g.*, *Evans v. City of Chicago*, 231 F.R.D. 302, 317 (N.D. Ill. 2005) (holding that government failed to make a *prima facie* showing that deliberative process privilege applied because it "failed to submit an affidavit by a person in control of the documents and with personal knowledge regarding the reasons for assertion of the privilege").

Plaintiff respectfully asserts the Court can resolve this matter across the board by determining that DPP does not apply as DPP was not intended to protect and cover racial animus. However, to the extent the Court wants to evaluate DPP on a document-by-document basis, *in camera* review would be appropriate and is a common practice in this district. *See, e.g.*, *Rodriguez*, 329 F.R.D. at 187 (reviewing documents *in camera* to evaluate deliberative process privilege); *K.L. v. Edgar*, 964 F. Supp. 1206, 1210 (N.D. Ill. 1997) (same); *Saunders v. City of Chicago*, No. 12 C 9158, 2015 WL 4765424, at *10 (N.D. Ill. Aug. 12, 2015) (same).

**DEFENDANTS:** For the reasons set forth in the last joint status report, the deliberative process privilege is not categorically inapplicable simply because Plaintiffs seek discovery concerning intent, and Defendants need not submit an affidavit until Plaintiffs file a motion to compel concerning certain, specific documents that were withheld in whole or in part on DPP grounds. *See* ECF No. 214. Furthermore, the Court need only review withheld documents in camera once the parties have properly briefed Plaintiffs' challenges to specific DPP designations.

3

V.  **Attorney-Client Privilege**

Plaintiff identified 20 documents in its November 6, 2020, email that appeared to have privilege log descriptions insufficient to meet the attorney-client privilege ("ACP") standard. The parties have met and conferred on November 9 and 24, 2020, regarding the issue.

**ICIRR:** Plaintiff does not seek to disturb or even question what appear to be properly withheld documents, such as the entries in Defendants' privilege log that state the documents contained "legal analysis" or "legal advice."

However, the privilege log indicates that there is a lower tier of documents withheld on the basis of ACP: documents that happen to be to or from a lawyer, but where the privilege log description gives no indication that the communication involved legal analysis or legal advice sought or received from a lawyer. Plaintiff identified these entries on 11/6/20 by email and asked Defendant to confirm whether these documents relate to legal analysis or advice, not just policy advice or other communication involving a lawyer. The 20 entries Plaintiff identified do not provide a sufficient description to establish that each communication was for the predominant purpose of seeking or giving legal advice. Plaintiff requested that Defendants review these documents individually and amend the description if appropriate, or remove the "ACP" designation.

Further, whether the ACP assertion is appropriate may also depend upon the lawyer's role in that context, i.e., whether they are serving in a legal capacity or, in contrast, a policy role. When government counsel are involved, the predominant purpose of the communications must be to solicit or render legal advice. *County of Erie*, 473 F.3d 413, 420-21 (2d Cir. 2007). When a government lawyer's advice is "general policy or political advice," it may not be protected by the ACP; but when inherently legal in nature, it is. *Id.* at 423. Plaintiff noted that its ability to evaluate the documents for this issue is hindered by Defendants' decision to withhold the names of the lawyers involved on the privilege log (as raised above). Plaintiff seeks that full names be substituted for the generic titles.

**DEFENDANTS**: Defendants are reviewing the documents flagged by Plaintiffs, and will produce updated privilege logs which disclose certain names that were anonymized in the original privilege logs, as described above.

Dated: November 30, 2020

                                                       Respectfully submitted,

                                                       */s/* David A. Gordon
                                                       David A. Gordon

Tacy F. Flint
Marlow Svatek
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000 (Telephone)
(312) 853-7036 (Facsimile)
dgordon@sidley.com
tflint@sidley.com
msvatek@sidley.com

Yvette Ostolaza (*pro hac vice*)
Texas Bar No. 00784703
Robert S. Velevis (*pro hac vice*)
Texas Bar No. 24047032
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, Texas 75201
(214) 981-3300 (Telephone)
(214) 981-3400 (Facsimile)
Yvette.ostolaza@sidley.com
rvelevis@sidley.com

*/s/* Caroline Chapman
Caroline Chapman
Meghan P. Carter
LEGAL COUNCIL FOR HEALTH JUSTICE
17 N. State, Suite 900
Chicago, IL 60602
Phone: (312) 605-1958
Fax: (312) 427-8419
cchapman@legalcouncil.org
mcarter@legalcouncil.org

*/s/* Militza M. Pagán
Andrea Kovach
Militza M. Pagán
Nolan Downey
SHRIVER CENTER ON POVERTY LAW
67 E. Madison, Suite 2000
Chicago, IL 60603
Phone: (312) 690-5907
Fax: (312) 263-3846
andreakovach@povertylaw.org
militzapagan@povertylaw.org

nolandowney@povertylaw.org

/s/ Katherine E. Walz
Katherine E. Walz
NATIONAL HOUSING LAW PROJECT
1663 Mission Street, Suite 460
San Francisco, CA 94103
Phone: (415) 546-7000
Fax: (415) 432-5701
kwalz@nhlp.org

*Counsel for Illinois Coalition For Immigrant and Refugee Rights, Inc*.


JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/ Kuntal Cholera
ERIC J. SOSKIN
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
Trial Attorneys
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12002
Washington, DC 20001
Phone: (202) 305-8645
Fax: (202) 616-8470
Email: kuntal.cholera@usdoj.gov

*Counsel for Defendants*