UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, INC., | ) ) ) | |
| | ) | 19 C 6334 |
| Plaintiff, | ) ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) ) | |
| CHAD F. WOLF, in his official capacity as Acting Secretary of U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, a federal agency, KENNETH T. CUCCINELLI II, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, a federal agency, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The complaint, filed by Cook County and Illinois Coalition for Immigrant and Refugee Rights, Inc. ("ICIRR"), alleges that the Department of Homeland Security's ("DHS") final rule, *Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("Final Rule" or "Rule"), violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the equal protection component of the Fifth Amendment's Due Process Clause. Doc. 1. The court last month entered a partial judgment under Civil Rule 54(b) vacating the Rule on the ground that it violates the APA, and allowed the equal protection claim to proceed. Docs. 221-223 (reported at 2020 WL 6393005 (N.D. Ill. Nov. 2, 2020)), *judgment stayed*, No. 20-3150 (7th Cir. Nov. 3, 2020). The equal protection claim, brought only by ICIRR, alleges that DHS promulgated the Rule with the impermissible purpose of discriminating against nonwhite immigrants. Doc. 1 at ¶¶ 170-188. Earlier this year, the court denied DHS's motion to dismiss

1

that claim and granted ICIRR's request to take extra-record discovery. Docs. 149-150 (reported at 461 F. Supp. 3d 779 (N.D. Ill. 2020)).

Now before the court is a discovery dispute regarding DHS's invocation of the deliberative process privilege to withhold several dozen documents from disclosure. Doc. 214 at 2-13; Doc. 232 at 3. ICIRR argues that the privilege is categorically unavailable in this case because DHS's motivation for promulgating the Rule lies at the heart of the equal protection claim. Doc. 214 at 2-4; Doc. 232 at 3. DHS counters that the nature of ICIRR's claim does not categorically bar it from invoking the privilege, but instead is simply a factor that the court may consider in deciding, on a document-by-document basis, whether the privilege has been overcome. Doc. 214 at 4-8; Doc. 232 at 3. Seventh Circuit precedent resolves this dispute in DHS's favor.

"The deliberative process privilege, as its name implies, allows an agency to withhold 'all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be.'" *Nat'l Immigrant Justice Ctr. v. United States Dep't of Justice*, 953 F.3d 503, 508 (7th Cir. 2020) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975)). The "object [of the privilege] is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) (internal quotation marks and citations omitted). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news[.]" *Id.* at 8-9.

As the Seventh Circuit has held, "the government [must] mak[e] a two-fold showing to support the withholding of a record based on the deliberative process privilege." *Nat'l*

*Immigrant Justice Ctr.*, 953 F.3d at 508. "First, the document must be pre-decisional, meaning that it must be generated *before* the adoption of an agency policy. Second, the record in question must contain deliberative communications and therefore reflect the give-and-take of the consultative process." *Ibid*. (internal quotation marks and citations omitted). The privilege is not absolute, as it "may be overcome where there is a sufficient showing of a particularized need [for disclosure] to outweigh the reasons for confidentiality." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).

ICIRR argues that these rules do not apply where, as here, the plaintiff's claim focuses on the motivation behind the challenged government action. Doc. 214 at 3-4. In support, ICIRR cites *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422 (D.C. Cir. 1998), *modified on reh'g*, 156 F.3d 1279 (D.C. Cir. 1998), in which the D.C. Circuit held that "the deliberative process privilege is unavailable … [in] circumstances in which the cause of action is directed at the agency's subjective motivation." 156 F.3d at 1280. Although district court decisions in this Circuit have endorsed the D.C. Circuit's categorical approach in this context, *e.g.*, *United States v. Lake Cnty. Bd. of Comm'rs*, 233 F.R.D. 523, 527-28 (N.D. Ind. 2005); *Glenwood Halsted LLC v. Vill. of Glenwood*, 2013 WL 140794, at *3 (N.D. Ill. Jan. 11, 2013); *Lewis v. Phillips,* 2012 WL 5499448, at *2 (C.D. Ill. Nov. 13, 2012), the Seventh Circuit has not.

In fact, the Seventh Circuit held in a case involving the deliberative process privilege that the question "whether an exception [to a privilege] applies must be addressed and resolved one lawsuit—indeed, one document—at a time." *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004). And of particular relevance here, the Seventh Circuit ruled that a plaintiff's reliance on "[r]elevance alone is an insufficient reason for breaching the deliberative process privilege."

3

*Farley*, 11 F.3d at 1390.  Yet ICIRR's argument for a categorical rule denying the privilege when the plaintiff's claim puts directly at issue the government's subjective motivation rests on the premise that relevance alone *is* sufficient to defeat the privilege.  *See In re Subpoena*, 145 F.3d at 1424 ("[I]f either the Constitution or a statute makes the nature of governmental officials' deliberations *the* issue, the [deliberative process] privilege is a nonsequitur.").

Accordingly, the court will apply the standard articulated by the Seventh Circuit in *National Immigrant Justice Center* and *Farley* in deciding, on a document-by-document basis, whether to sustain or overrule DHS's assertions of the deliberative process privilege.  *See In re Delphi Corp.*, 276 F.R.D. 81, 84-86 (S.D.N.Y. 2011) (in lieu of applying a categorical rule, balancing the plaintiff's need for disclosure against the government's need for confidentiality in evaluating the government's assertion of the privilege); *Vietnam Veterans of Am. v. C.I.A.*, 2011 WL 4635139, at *10 (N.D. Cal. Oct. 5, 2011) (holding that the government's "intent is properly considered as a factor in the substantial need analysis"); *First Heights Bank, FSB v. United States*, 46 Fed. Cl. 312, 322 (2000) ("The court thus declines to follow the reasoning of *In re Subpoena*[] to the extent that it supports an automatic bar on assertions of deliberative process privilege in any case where the [g]overnment's intent is potentially relevant.  Instead, the court will apply the approach … in which the privilege may be overcome, but only after a showing of evidentiary need weighed against the harm that may result from disclosure.") (internal quotation marks omitted).  To ensure that the governing standards are applied correctly, the court will review *in camera* the documents withheld by DHS under the privilege.  *See Farley*, 11 F.3d at 1387, 1389-91 (after reviewing the withheld documents *in camera*, holding that the deliberative process privilege protected them from disclosure).  At that point, the court will consider ICIRR's

4

submission that DHS did not follow the proper procedures in invoking the privilege. Doc. 232 at 3; Doc. 214 at 8-13.

December 15, 2020                                                             _____
                                                                                            United States District Judge

Case: 1:19-cv-06334 Document #: 235 Filed: 12/15/20 Page 5 of 5 PageID #:3119